UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHELINA GUNDY,

    Plaintiff,

v.                                      Case No:  2:14-cv-216-FtM-38CM

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/

# ORDER[1]

This matter comes before the Court on Plaintiff's Uncontested Petition for EAJA Fees Pursuant to 28 U.S.C. 2412(d)[2] (Doc. #23) filed on November 3, 2014.  Carolyn W. Colvin, Acting Commissioner of Social Security, does not oppose the Motion or the relief requested.  (Doc. #23 at 4).  The Plaintiff is requesting $6,053.11 in attorney fees and $24.00 in paralegal fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412(d).

**A. Eligibility for Award of Fees**

According to Middle District case law, a plaintiff will receive an award of fees under EAJA when the following five conditions are met:

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the Court has no agreements with any of these third parties or their Web sites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

[2] Plaintiff mistakenly includes the wrong rule in the title of her motion, 28 U.S.C. 2312(d) when it should be 28 U.S.C. 2412(d).  Plaintiff names the proper rule section in the body of her petition.

> (1) Plaintiff must file a timely application for attorney fees; (2) Plaintiff's net worth must have been less than $2 million dollars at the time the Complaint was filed; (3) Plaintiff must be the prevailing party in a non-tort suit involving the United States; (4) The position of the United States must not have been substantially justified; and (5) There must be no special circumstances that would make the award unjust.

Jipson v. Comm'r of Soc. Sec., No. 2:13-CV-450-FTM-38DN, 2014 WL 2951824, at *2 (M.D. Fla. July 1, 2014) (internal citations omitted).

In order to be a timely application according to 23 U.S.C. §2412(d)(1)(B), "a fee application must be filed within thirty days of the final judgment, and this requirement is jurisdictional in nature." Jipson, 2014 WL 2951824, at *2.  Here, Judgment (Doc. #22) was entered on October 28, 2014; therefore, Plaintiff's Uncontested Petition for EAJA Fees Pursuant to 28 U.S.C. §2414(d) (Doc. #23) was timely filed.  Then, Plaintiff's net worth was less than $2 million dollars at the time the lawsuit was filed.  (Doc. #23 at 2). Also, Plaintiff satisfied the prevailing party requirement because the case was remanded pursuant to sentence four.  (Doc. #23 at 2).  See Shalala v. Schaefer, 509 U.S. 292, 302 (1993) (stating a sentence four remand is a judgment for the plaintiff, the prevailing party).  Plaintiff claims the position of the United States was not substantially justified "because the ALJ failed to consider the Plaintiff's residual functional capacity through the period at issue, obtain evidence from a vocational expert, or properly evaluate the ability of the Plaintiff to perform past relevant work."  (Doc. #23 at 19). Finally, the Commissioner has made no claim regarding the existence of special circumstances against the awarding of attorney fees.  See Santana v. Colvin, No. 8:13-CV-1737-T-33AEP, 2014 WL 1930545, at *2 (M.D. Fla. May 14, 2014) (the Court found no special circumstances to deny the award of attorney fees where the Commissioner did not claim special circumstances).

**B.  Amount of Fees**

As to the reasonable award of attorney fees, Plaintiff is requesting the following hourly rate: $190.95 an hour for 2014; amount is adjusted to compensate for cost of living increases.  (Doc. #23 at 3).

> EAJA fees are determined under the "lodestar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate.  The resulting fee carries a strong presumption that it is the reasonable fee.  The amount of EAJA fees is wholly dependent on the facts of the case.  "'[E]xcessive, redundant or otherwise unnecessary' hours" must be deducted from an award of fees…. EAJA fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125 per hour unless the Court determines that an increase in the cost of living or a special factor justifies a higher fee.

Jipson, 2014 WL 2951824, at *3-4 (internal citations omitted).  The Commissioner does not object to these hourly rates and the Court determines the rates are reasonable.  (Doc. #23 at 4).  Plaintiff petitions payment for 31.70 hours.  (Doc. #23 at 3).  This comes to a total of $6,053.11.  The Court also approves the paralegal fees sought in this case, which amount to $24.00.  See Santana, 2014 WL 1930545, at *2 (Court approves petition for paralegal fees).

**C.  Payment of Fees**

In Astrue v. Ratliff, 560 U.S. 586, 130 S.Ct. 2521, 177 L.Ed.2d 91 (2010), the Supreme Court held EAJA payments "may be made directly to a plaintiff's attorney only in cases in which the plaintiff does not owe a debt to the government and the plaintiff has assigned the right to EAJA fees to her attorney."  Santana, 2014 WL 1930545, at *2.  Here, Plaintiff attached an Attorney Fee Contract for Social Security Benefits/SSI Fee Agreement-Federal Court (Doc. #23-1 at 1).  The document is signed by Plaintiff, Michelina Gundy and Attorney, Carol Avard.  (Doc. #23-1 at 1).  The document states "I

[Plaintiff] hereby assign any court awarded EAJA attorney fees and costs, for federal court work only, to my attorney. I [Plaintiff] also give my attorney a Power of Attorney to sign any EAJA check made out in my name." (Doc. #23-1 at 1). Therefore, since Plaintiff has assigned the right to EAJA fees to her attorney, the Court orders the $6,053.11 in attorney fees be paid directly to counsel if the United States Department of Treasury determines that no federal debt is owed.

## CONCLUSION

Plaintiff has met the five conditions for receiving an award of attorney fees under EAJA. Therefore, the Court grants Plaintiff's petition.

Accordingly, it is now **ORDERED:**

Plaintiff's Uncontested Petition for EAJA Fees Pursuant to 28 U.S.C. 2412(d) (Doc. #23) is **GRANTED**.

1. Plaintiff is awarded $6,053.11 in attorney's fees and $24.00 in paralegal fees.
2. Attorney's and Paralegal fees may be paid directly to counsel if the United States Department of Treasury determines that no federal debt is owed.
3. The Clerk of Court is directed to enter an amended judgment, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida this 5th day of November, 2014.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record