UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHELINA GUNDY,

    Plaintiff,

v.                                          Case No:   2:14-cv-216-FtM-38CM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

**ORDER**[1]

This matter comes before the Court on the Plaintiff, Michelina Gundy's Unopposed Petition for Reasonable Attorney Fees Pursuant to 42 U.S.C. 406(b) (Doc. #26) filed on September 16, 2015.  Pursuant to FL R USDCTMD Rule 3.01(g), the Plaintiff conferred with the Defendant who does not oppose the requested relief.  The Plaintiff in this cause sought judicial review of the Commissioner's denial of Social Security benefits. On, October 20, 2014, the Court reversed and remanded the Commissioner of Social Security's decision (Doc. #21) under sentence four of 42 U.S.C. § 405(g). Judgment was entered on October 28, 2014 (Doc. #22).

The Equal Access to Justice Act (hereinafter EAJA) requires a court to award a prevailing party attorney fees, costs, and other expenses "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). According to the United States Supreme Court,

---

[1] Disclaimer:  Documents filed in CM/ECF may contain hyperlinks to other documents or websites.  These hyperlinks are provided only for users' convenience.  Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees.  By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites.  Likewise, the Court has no agreements with any of these third parties or their websites.  The Court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

a prevailing party is a party that succeeds on "any significant claim affording it some of the relief sought" in bringing the suit. Texas State Teachers Assoc. v. Garland Indep. Sch. Dist., 489 U.S. 782, 791 (1989). The Supreme Court subsequently clarified that a party who obtains a fourth sentence remand in a Social Security case is a prevailing party for EAJA purposes. Shalala v. Schaefer, 509 U.S. 292, 302 (1993).

In order for the Plaintiff to be awarded an award of fees under the Equal Access to Justice Act (EAJA) the following five conditions must be established: (1) the Plaintiff must file a timely application for attorney fees; (2) the Plaintiff's net worth must have been less than two $2 million dollars at the time the Complaint was filed; (3) the Plaintiff must be the prevailing party in a non-tort suit involving the United States; (4) the position of the United States must not have been substantially justified; and (5) there must be no special circumstances which would make the award unjust. 28 U.S.C. § 2412(d); Commissioner INS, v. Jean, 496 U.S. 154, 158 (1990). The Court concludes that all five conditions of the EAJA have been met and the Defendant does not oppose the Court's finding.

EAJA fees are determined under the "loadstar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. Jean v. Nelson, 863 F.2d 759, 773 (11th Cir. 1988).  However, in Gisbrecht v Barnhart, the Supreme Court held that contingency fee agreements are acceptable forms of payment in Social Security cases. 535 U.S. 789, 807, 122 S. Ct. 1817, L.Ed. 2d 996 (2002) (holding that a contingent-fee agreement is the primary means by which fees are set for successfully representing Social Security benefits claimants in court).  In this case, Plaintiff and Atty. Carol Avard entered into a contingency fee agreement agreeing to pay Atty. Avard twenty-five percent (25%) of any recovery of Plaintiff's past due benefits.  There is a strong presumption that the resulting fee is reasonable. City of Burlington v. Dague, 505 U.S. 557, 562 (1992).

The Plaintiff recovered $79,098.00 in back benefits. Plaintiff now seeks fees of $19,774.50 for Attorney Carol Avard. The Defendant has reviewed the petition for attorney's fees and costs and does not object to the fees or the assessment of costs. Thus, the Court finds the attorney's fees of $19,774.50 are fair and reasonable for the work performed by Attorney Avard in this case.

However, pursuant to the EAJA when an attorney has been previously awarded a fee in the same case under 42 U.S.C. § 406(b), the attorney must refund to the claimant the amount of the smaller fee. Gisbrecht, 535 U.S. at 807. In other words, any EAJA award reduces what a plaintiff must pay out-of-pocket as an offset of a previously awarded 42 U.S.C. § 406(b) fee. Here, Atty. Avard was previously awarded $6,077.11 in attorney's fees. Applying the EAJA offset to the facts of this case, Plaintiff will pay $13,697.39 (19,774.50 - 6,077.11=13,697.39) to Atty. Avard. The Court finds the contingency-fee agreement is fair and reasonable and the Motion is due to be granted.

Accordingly, it is now **ORDERED**:

The Plaintiff, Michelina Gundy's Unopposed Petition for Reasonable Attorney Fees Pursuant to 42 U.S.C. 406(b) (Doc. #26) is **GRANTED**. Atty. Avard is awarded her fees in the amount of **$13,697.39**.

**DONE** and **ORDERED** in Fort Myers, Florida this 7th day of October, 2015.

*SHERI POLSTER CHAPPELL*
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record